IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERGIN HAZERCI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-1092 |
| TECHNICAL EDUCATION SERVICES, INC., | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                         May 29, 2009

This is a race discrimination case, which was removed to this court from the Court of Common Pleas of Philadelphia County on March 4, 2008 on grounds that both diversity and federal question jurisdiction existed.[1] The complaint alleges that in October, 2005, plaintiff Ergin Hazerci was expelled from defendant Technical Education Services, Inc.'s aviation school. Complaint, ¶ 4. Plaintiff is of Turkish descent and claims that as a result, he was improperly disciplined for being late to class when others were not. Id., ¶¶ 1, 5-7. His complaints over this treatment allegedly resulted in his termination from the school. Id., ¶¶ 9-11.

Procedurally, on May 28, 2008, a discovery schedule was set and the parties referred for a settlement conference. Docket no. 11. No settlement was reached, and the parties did not complete discovery in accordance with the original order. On January 16, 2009, the discovery deadline was extended to April 3, 2009, and an April 17, 2009 summary judgment

---

[1] Plaintiff's federal claims have since been dismissed. Docket no. 7. The balance of the complaint asserts violations of the Pennsylvania Human Relations Act and the Pennsylvania Fair Education Act.

deadline set. Docket no.17. On April 7, 2009, a pre-trial conference was held. During the conference, both parties stated that discovery was complete. Plaintiff requested an additional ten (10) days in which to file a summary judgment motion, and this request was granted. Docket no. 24. On April 27, 2009, defendant filed its motion for summary judgment. On May 13, 2009, one day before his response to the motion was due to be filed, plaintiff filed a motion requesting an extension of the discovery deadline, and an extension in which to file a response to defendant's summary judgment motion, requests to which defendant objects. Docket nos. 27, 28. Plaintiff's request for an extension of the discovery deadline must be denied, but his request for an extension in which to respond to defendant's summary judgment motion will be granted.

Plaintiff requests an extension in order to depose Antoinette Levitt, an employee of defendant and its director at the time plaintiff was expelled from the school. Levitt made the decision to dismiss plaintiff from the school, a fact to which plaintiff testified during his deposition. Deposition testimony of Ergin Hazerci, Exhibit "A" to defendant' summary judgment motion, at 115. Levitt was not deposed in the course of discovery, but her declaration is attached to defendant's motion for summary judgment. As a result, plaintiff now believes he needs to depose Levitt in order to adequately oppose defendant's motion.

Federal Rule of Civil Procedure 16(b)(4) provides that "a [discovery] schedule may be modified only for good cause and with the judge's consent." "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order."

Chancellor v. Pottsgrove, 501 F.Supp.2d 695, 701 (E.D. Pa. 2007). "Carelessness, or attorney error . . . is insufficient to constitute 'good cause' under Rule 16(b)." Id. Here, plaintiff's counsel explains his decision not to depose Levitt during the course of discovery as follows: In early 2009, counsel approached Levitt and spoke to her.[2] Based upon their conversation, he believed that would not provide testimony for defendant, and that she would not be available for deposition for quite some time due to health concerns. Plaintiff's motion, ¶¶ 6-10. As a result, "Plaintiff's counsel calculated that, in light of Ms. Leavitt's unavailability and the unlikelihood of her giving additional testimony for Defendant at the summary judgment stage (in light of her litigation), he did not need to seek additional time to depose Ms. Leavitt prior to the closing of discovery." Plaintiff's motion, ¶ 11.

Counsel does not argue that he was unaware that Levitt played a key role in the conduct giving rise to his client's claim. He does not argue that he contacted defense counsel to schedule a deposition but was rebuffed.[3] Rather, he admits to a "miscalculation" regarding

---

[2] Plaintiff's counsel attended the trial of Levitt's unrelated age discrimination action against defendant. Judgment was entered in favor of defendant and against plaintiff in that case. Levitt v. Aviation Institute of Maintenance, E.D. Pa., No. 08-719. According to defendant, Levitt was at that time, and has always remained, an employee of the company. Defendant's memorandum in response to plaintiff's motion, at 2 n.1 (docket no. 28).

[3] In its response, defendant notes that plaintiff's contact with Levitt is in violation of Pennsylvania Rule of Professional Conduct 4.2, which states: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Comments to the rule explain that counsel's communications with "a constituent of the organization . . . whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability" is prohibited. Explanatory Comment 7. According to defendant, Levitt has, at all relevant times, been employed by defendant, and plaintiff's counsel never requested permission

his need for discovery from Levitt. Counsel's self-described miscalculation does not constitute good cause sufficient to extend the discovery deadline, particularly where, as here, (1) it has already been extended; (2) counsel represented at the last pre-trial conference that discovery was complete; and (3) defendant has already filed its motion for summary judgment. Accordingly, plaintiff's motion for an extension of the discovery deadline must be denied.

Plaintiff requests fifteen (15) days from the date of receipt of the transcript of Levitt's deposition to file a response. No deposition will be permitted. Defendant's motion was filed on April 27, 2009, as ordered, and plaintiff received it shortly thereafter. Plaintiff will be granted until Friday, June 5, 2009 in which to file a response to defendant's motion.

BY THE COURT:

 /s/ Edmund V. Ludwig  
Edmund V. Ludwig, J.

---

to contact her. Defendant's memorandum, 4-5.